AUSTIN COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10967. Promulgated October 8, 1927.

1. The record in this proceeding shows that the Commissioner determined a deficiency within the meaning of the statute and his motion to dismiss the proceeding is denied.

2. The Commissioner is not prohibited by the statute from assessing a tax which has been erroneously refunded.

*W. B. Stewart, Esq.*, for the petitioner.
*Henry Ravenel, Esq.*, for the respondent.

Petitioner instituted this proceeding for the redetermination of an alleged deficiency in income and profits tax for the calendar year 1917 in the amount of $39,978.39. The error assigned by the petitioner is that the Commissioner erroneously assumed authority and jurisdiction to make a determination in respect of its tax liability after he had already prior thereto made a determination in that regard; that all proceedings taken by the Commissioner after his determination of August 27, 1923, were without authority of law and were null and void. The Commissioner duly answered the petition admitting the facts therein alleged and denied the claim that he was without authority to make a determination in respect of the tax in question. After the hearing the Commissioner moved to dismiss the proceeding upon the ground that he had not determined a deficiency within the meaning of the statute and that the Board is without jurisdiction to determine the issue raised. A stipulation of facts was filed and the proceeding was submitted for consideration of the Commissioner's motion and also upon the merits in the event such motion should be denied.

FINDINGS OF FACT.

The petitioner is an Ohio corporation with principal office at Cleveland. In 1918 petitioner made its income and profits-tax return for the year 1917 showing its income and excess-profits tax in the amount of $367,430.78. Thereafter, upon examination by the Commissioner, an additional amount of such tax was assessed in the net

sum of $190,579, thereby making the total of such tax assessed against the petitioner for the year 1917 in the sum of $558,009.78, all of which petitioner heretofore duly paid.

On June 12, 1922, the petitioner filed its claim for refund of taxes illegally collected, with the request and petition therein for assessment under the provisions of section 210 of the Revenue Act of 1917. Under date of December 28, 1922, petitioner prepared further requests for the determination of its tax liability for the year 1917 under said section 210 of the Revenue Act of 1917, and on January 9, 1923, filed the same with the Commissioner.

Under date of February 15, 1923, the petitioner prepared and promptly thereafter executed and filed with the Commissioner, pursuant to the provisions of subdivision (d) of section 250 of the Revenue Act of 1921, a consent to a determination, assessment and collection of the amount of its taxes for the year 1917 under the Revenue Act of 1921, irrespective of any period of limitation.

On August 27, 1923, the Commissioner duly allowed the said application of the petitioner for assessment under section 210 and duly found an overassessment of taxes in the sum of $290,736.28, which, with interest, amounted to $327,593.74.

On January 16, 1924, the Comptroller General, through the General Accounting Office, certified that there was due the petitioner $327,593.74, but pending the settlement of certain counter-claims arising out of contracts with the Navy Department which are not involved in this proceeding before the Board, temporarily suspended payment of the sum of $81,160.95.

On January 18, 1924, the sum of $246,432.79, being the remainder of $327,593.74, not suspended, was paid, and thereafter said suspended item of $81,160.95 was duly paid to the petitioner.

On March 19, 1924, the Commissioner without notice to, knowledge, or consent of the petitioner, and without any request of the petitioner for reconsideration and redetermination, and without further examination of the petitioner's books, in writing advised the petitioner that he had reexamined the income and excess-profits-tax return of petitioner for the year 1917, and that such examination indicated an additional tax liability of $132,049.84, and gave to the petitioner a statement in writing thereof, together with said letter of March 19, 1924.

The Commissioner in said letter of March 19, 1924, advised the petitioner that in view of the limitation of time said additional tax of $132,049.84 would be assessed immediately without giving the usual 30 days' written notice provided in section 250 (d) of the Revenue Act of 1921.

On March 27, 1924, the collector of internal revenue of the Cleveland, Ohio, district, forwarded to petitioner notice of the assessment

against it of said sum of $132,049.84 and demanded payment thereof with notice of the usual penalties.

On or about April 2, 1924, petitioner duly filed with said collector its claim for abatement of said additional assessment of $132,049.84.

On or about May 5, 1924, petitioner duly filed with the Commissioner its appeal from said additional assessment, and, later on, or about September 20, 1924, duly filed a further protest against said assessment of taxes.

Under date of December 16, 1925, the Commissioner mailed to the petitioner a notice upon which this proceeding is predicated. By said action of December 16, 1925, the amount and legality of the tax for the year 1917 in dispute in this proceeding is the sum of $39,938.79.

### OPINION.

LITTLETON: The Commissioner's motion to dismiss this proceeding for lack of jurisdiction, for the reason that he has not determined a deficiency within the meaning of the statute, is not well taken. Section 273 of the Revenue Acts of 1924 and 1926, so far as material here, provides—

As used in this title in respect of a tax imposed by this title the term "deficiency" means—

(1) The amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax; * * *

Applying the provisions of these sections to the facts in this proceeding, we find the following:

| | |
|---|---:|
| Amount shown by taxpayer upon its return for 1917 | $367,430.78 |
| Amount previously assessed in 1920 as a deficiency | 190,579.00 |
| Total tax previously assessed and paid | 558,009.78 |
| Amount previously refunded on August 27, 1923 | 290,736.28 |
| Amount to be used as the starting point under section 273 in determining whether there is a deficiency involved in this proceeding | 267,273.50 |
| Additional jeopardy assessment in March, 1924, for the abatement of which petitioner duly filed a claim | 132,049.84 |
| Total outstanding assessment | 399,323.34 |
| Amount of jeopardy assessment of $132,049.84 abated by Commissioner upon consideration of petitioner's abatement claim | 92,071.45 |
| Correct tax liability as determined by the Commissioner in the notice mailed to petitioner on December 16, 1925, upon which this proceeding is predicated | 307,251.89 |
| Less the amount shown as the tax by the petitioner upon its return increased by the amount previously assessed and reduced by the amount previously refunded | 267,273.50 |
| Deficiency as defined by section 273 | 39,978.39 |

The Commissioner's motion to dismiss is therefore denied.

The Board has heretofore had occasion to consider the question raised by petitioner relating to the authority of the Commissioner to reconsider his action after having made a refund of taxes to a taxpayer, under a similar state of facts, and has held that the Commissioner may within the statutory period, or within the statutory period or such period as may be agreed upon between the Commissioner and the taxpayer, assess such tax as he determines to be due.  *Dallas Brass & Copper Co.*, 3 B. T. A. 856; *Warner Sugar Refining Co.*, 4 B. T. A. 5; *First National Bank of Plattsburg, Mo.*, 4 B. T. A. 478. The provision of section 273 of the Revenue Act of 1926 would also seem to contemplate that this might be done.

Reviewed by the Board.

*Judgment will be entered for the respondent.*